MARK A. BROWN #AP-0910
Name and Prisoner/Booking Number

F.S.P. 2-B1-06
Place of Confinement

P.O. Box 950
Mailing Address

Folsom, CA. 95763
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**
Jun 09, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY BROWN ,
(Full Name of Plaintiff)  Plaintiff,

v.

(1) W. EMMERT, (7) G. WOODEN ,
(Full Name of Defendant)
(2) ~~_____~~ D. Gonzales ,
(3) Archie , (5) C. Tuyen ,
(4) Lieu     (6) T. Drake ,
Defendant(s).
☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-cv-1001-CKD (PC)
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
BY A PRISONER

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983.
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: CALIFORNIA STATE PRISON - SACRAMENTO

Revised 3/15 2016

1

## B. DEFENDANTS

1. Name of first Defendant: __W. EMMERT__. The first Defendant is employed as: __Tower Officer__ at __C.S.P. Sacramento__.
   (Position and Title) (Institution)

2. Name of second Defendant: __D. Gonzales__. The second Defendant is employed as: __Sergeant__ at __C.S.P. Sacramento__.
   (Position and Title) (Institution)

3. Name of third Defendant: __Archie__. The third Defendant is employed as: __Yard Officer__ at __C.S.P. Sacramento__.
   (Position and Title) (Institution)

4. Name of fourth Defendant: __Lieu__. The fourth Defendant is employed as: __Yard Officer__ at __C.S.P. Sacramento__.
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __5__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Mark Brown__ v. __P. Lelis et. al__
      2. Court and case number: __20-cv-00885-KJM-DMC, Eastern District__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Dismissed without prejudice__

   b. Second prior lawsuit:
      1. Parties: __Mark Brown__ v. __A. Jaramillo et. al__
      2. Court and case number: __20-cv-00661-DAD-EPG, Eastern District__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Pending / Summary Judgement__

   c. Third prior lawsuit:
      1. Parties: __Mark A. Brown__ v. __F. Rodriguez et. al__
      2. Court and case number: __20-cv-02556-DB, Eastern District__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __In Discovery__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

[redacted]

B. DEFENDANTS / CONTINUED FROM PG. #2

5. NAME OF FIFTH DEFENDANT: C. TUYEN. THE FIFTH DEFENDANT IS EMPLOYED AS: YARD OFFICER AT C.S.P. SACRAMENTO.

6. NAME OF SIXTH DEFENDANT: T. DRAKE. THE SIXTH DEFENDANT IS EMPLOYED AS: YARD OFFICER AT C.S.P. SACRAMENTO.

7. NAME OF SEVENTH DEFENDANT: G. WOODEN. THE SEVENTH DEFENDANT IS EMPLOYED AS: FLOOR OFFICER AT C.S.P. SACRAMENTO.

8. NAME OF EIGHTH DEFENDANT: UNKNOWN. EMPLOYED AS OFFICER AT C.S.P.-SAC.

C. PREVIOUS LAWSUITS / CONTINUED FROM PG. #2

D. PARTIES: MARK A. BROWN V. C. KISHBAUGH et. AL
COURT AND CASE #: EASTERN DISTRICT, 21-CV-00149-EFB
RESULT: IN DISCOVERY

E. PARTIES: MARK A. BROWN V. LARA et. AL
COURT AND CASE #: EASTERN DISTRICT, 21-CV-02096-CKD

F. PARTIES: MARK A. BROWN V. D. EARLS JR. et. AL.
COURT AND CASE # EASTERN DISTRICT, 22-CV-00359-JDP
RESULT: FILED, NOT SCREENED BY JUDGE YET

2-A

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT</u>.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: <u>Failure to Protect</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE PAGES 7-13.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   SEE PAGES 14.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☒ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. I submitted appeal #119315 Back to appeal office after it was wrongly Rejected. It was under #231269 and the DOA didn't answer By 6/01/22. So appeal was unavailable. I did appeal for more than a year. #158573 is about officers manipulated inmates to attack me.

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: <u>EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE.</u>

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   <u>SEE PAGES 7-13.</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   <u>SEE PAGES 14.</u>

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>Appeal #133411 and #158573 602-2 Related appeals.</u>

4

CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.</u>

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: <u>DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED.</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE PAGES 7-13.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   See PAGE 14.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>Appeal # 133411 Related appeal.</u>

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

## D. CAUSE OF ACTION

### CLAIM ~~IV~~ FOUR

1. State the constitutional or other federal civil right that was violated: First ~~and Fourteenth~~ Amendment Right to be free from retaliation.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☑ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE PAGES 7-13

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   SEE PAGE 15.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Appeal # 119315, #41910, 158573 all Related appeals

6.

# CLAIM II

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities  ☐ Mail  ☐ Access to the court  ☐ Medical care
   - ☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation
   - ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_(page crossed out with large X)_

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

# FACTS OF CLAIM

1.) For numerous months prior to May 13th 2021 Plaintiff Mark Brown was often denied a shower and phone call by Tower Officer W. Emmert. Plaintiff was not initially aware that Defendant W. Emmert was on some occasions intentially and maliciously denying the Plaintiff showers and phone calls.

2.) On May 13th 2021, Plaintiff banged on his cell door in order to get Defendant W. Emmert's attention so he could have his cell door opened so he could get in the shower

3.) On May 13th 2021, Defendant W. Emmert who is assigned as a tower officer verbally yelled into a microphone and called Plaintiff Mark Brown a "RAT" and told the Plaintiff to leave him alone because he was not going to give Plaintiff a shower. Other inmates in Plaintiff's building heard Defendant W. Emmert call him a "RAT."

4.) On May 13th 2021, Plaintiff was eventually able to speak with Defendant W. Emmert while Emmert was still on duty for the evening. Plaintiff asked Tower Officer W. Emmert why he had called him a "RAT" through the loudspeaker in front of many inmates. Defendant W. Emmert verbally told the Plaintiff he remembered when Plaintiff wrote an grievance

7.

1  REGARDING OFFICERS NOT WEARING MASK TO PREVENT THE
2  SPREAD OF COVID-19.

4  5.) UPON INFORMATION AND BELIEF THE WORD "RAT" IS AN
5  DEROGATORY TERM USED TO DESCRIBE AN INMATE WHO HAS
6  COOPERATED IN THE PROSECUTION OF AN CONVICTED
7  PERSON OR AN INMATE WHO GIVES INFORMATION ABOUT CRIMINAL
8  ACTIVITIES IN PRISON TO PRISON CORRECTIONAL OFFICERS/STAFF.
9  BEING LABELED A "RAT" IS VERY DANGEROUS AND CAN
10 LEAD TO SERIOUS INJURY OR DEATH.

12 6.) ON MAY 14TH 2021 PLAINTIFF WAS APPROACHED BY
13 MULTIPLE INMATES WHO TOLD PLAINTIFF THEY EITHER
14 HEARD OR WERE AWARE THAT OFFICER W. EMMERT CALLED
15 HIM A "RAT." THOSE INMATES TOLD PLAINTIFF THEY
16 WOULD BE INVESTIGATING HIM FOR POTENTIALLY BEING A
17 "RAT".

19 7.) ON JUNE 10TH 2021 PLAINTIFF SPOKE WITH SERGEANT
20 D. GONZALES AND TOLD HIM THAT EVEN THOUGH W.-
21 EMMERT DID CALL HIM A "RAT" FOR FEAR OF
22 RETALIATION HE DID NOT WANT EMMERT TO BE DISCIPLINED.
23 DEFENDANT SERGEANT D. GONZALES INFORMED PLAINTIFF
24 THAT HE WOULD STILL REPRIMAND W. EMMERT BECAUSE
25 CALLING AN INMATE A "RAT" WAS SERIOUS. PLAINTIFF MARK
26 BROWN ALSO NOTIFIED DEFENDANT SERGEANT
27 D. GONZALES HE BELIEVED HE WAS AT SUBSTANTIAL RISK OF
28 HARM DUE TO DEFENDANT W. EMMERT CALLING HIM A "RAT."

8.) ON JUNE 22nd 2021 PLAINTIFF MARK BROWN WAS BRUTALLY ATTACKED BY FIVE INMATES. DURING THE VIOLENT PHYSICAL ALTERCATION PLAINTIFF WAS BEING CALLED A "RAT" BY THE INMATE ATTACKERS.

9.) ON JUNE 22nd 2021, WHILE THE PLAINTIFF WAS BEING PUNCHED ALL OVER HIS BODY BY THE FIVE INMATES; RESPONDING OFFICERS UTILIZED O.C. BLAST DISPERSION GRENADE WHICH IS AN CHEMICAL AGENT. ONE O.C. BLAST DISPERSION GRENADE HIT PLAINTIFF IN THE HEAD AND BLEW UP AND THE CHEMICAL AGENTS FILLED PLAINTIFF'S EYES AND LUNGS. PLAINTIFF COULD NOT SEE AND HAD DIFFICULTY BREATHING DUE TO THE CHEMICAL EXPOSURE. PLAINTIFF WAS COUGHING.

10.) ON JUNE 22nd 2021, FOLLOWING BEING ATTACKED BY FIVE INMATES; PLAINTIFF WAS ON THE GROUND IN PRONE POSITION AND IN PAIN FROM THE CHEMICALS UTILIZED. PLAINTIFF WAS ALSO IN PAIN FROM VARIOUS INJURIES FROM THE ATTACK. WHILE PLAINTIFF WAS BEING HANDCUFFED BY AN UNKNOWN OFFICER, PLAINTIFF REQUESTED HE RECIEVE HIS ASTHMA INHALER BECAUSE HE WAS COUGHING PROFUSELY DUE TO THE CHEMICALS AND COULD BARELY BREATHE. PLAINTIFF WAS BARELY ABLE TO OPEN AN EYE AND WAS ABLE TO SEE TWO OFFICERS NAMED ARCHIE AND LIEU RIGHT BY HIM; SO HE REPEATED MULTIPLE TIMES TO THOSE OFFICERS HE NEEDED HIS INHALER BECAUSE HE COULD BARELY BREATHE. DEFENDANTS LIEU AND ARCHIE TOLD PLAINTIFF HE WOULD HAVE TO WAIT.

11.) ON JUNE 22nd 2021 PLAINTIFF HAD TO SIT ON GROUND IN HANDCUFFS SUFFERING FROM O.C. BLAST GRENADE CHEMICAL AGENTS FOR SEVERAL MINUTES. PLAINTIFF WAS COUGHING AND YELLING IN PAIN AND ASKING OFFICERS ARCHIE, ~~███~~ LIEU, AND OTHER UNKNOWN OFFICERS WHO RESPONDED TO THE PLAINTIFF BEING MALICIOUSLY ATTACKED FOR HIS INHALER AND TO BE DECONTAMINATED. ALL THOSE REQUEST FROM PLAINTIFF WERE DENIED. PLAINTIFF DISCOVERED OFFICERS C. TUYEN AND T. DRAKE WERE OFFICERS WHO UTILIZED THE O.C. BLAST GRENADE AND ALSO REFUSED TO DECONTAMINATE HIM OR RETRIEVE HIS INHALER.

12.) ON JUNE 22nd 2021 WHILE THE PLAINTIFF WAS BEING ESCORTED TO AN INDIVIDUAL CAGE FOLLOWING THE ATTACK BY ~~███~~ INMATES AN UNKNOWN/UNVERIFIED OFFICER TOLD PLAINTIFF THAT BECAUSE HE WROTE GRIEVANCES ON STAFF THE INMATES ATTACKED HIM AND IF HE REPORTED AGAIN NEXT TIME HE MAY NOT BE ALIVE.

13.) ON JUNE 22nd 2021, WHILE PLAINTIFF WAS IN THE CAGE SUFFERING FROM THE EFFECTS OF THE O.C. BLAST GRENADE CHEMICAL AGENT AND INJURIES FROM THE VICIOUS ATTACK PLAINTIFF MARK BROWN REPEATEDLY ASKED OFFICERS C. TUYEN, ARCHIE, LIEU, T. DRAKE AND ANOTHER UNKNOWN OFFICER FOR DECONTAMINATION AND HIS INHALER FOR HIS ASTHMA. ALL THOSE OFFICERS REFUSED PLAINTIFF HIS INHALER AND TOLD HIM HE WOULD HAVE TO WAIT UNTIL SEEN BY A NURSE TO RECIEVE DECONTAMINATION OR INHALER.

14.) WHILE IN HANDCUFFS AND BEING ESCORTED OUT OF THE INDIVIDUAL HOLDING CAGE ~~[redacted]~~ BY AN UNKNOWN OFFICER, THE PLAINTIFF BUMPED HIS HEAD ON THE CAGE AND WAS INJURED. PLAINTIFF HAD A GASH ON HIS FOREHEAD FROM THAT INJURY WHICH WAS A DIRECT RESULT FROM THE OFFICERS FAILURE TO PROPERLY ESCORT THE PLAINTIFF IN A WAY TO PREVENT INJURY. THE PLAINTIFF COULD BARELY OPEN HIS EYES AND WAS NOT ABLE TO SEE BECAUSE OF THE CHEMICALS USED BY OFFICERS. THE ESCORTING OFFICER GAVE PLAINTIFF NO VERBAL INSTRUCTIONS ON HOW TO SAFELY WALK.

15.) ON June 22nd 2021 PLAINTIFF WAS HELD IN AN INDIVIDUAL HOLDING CAGE FOR NUMEROUS MINUTES WITHOUT BEING DECONTAMINATED BY OFFICERS. PLAINTIFF WAS COUGHING AND IN EXCRUCIATING PAIN FROM THE CHEMICALS. PLAINTIFF YELLED FOR OFFICERS TO GIVE HIM HIS INHALER AND DECONTAMINATE HIM. OFFICERS T. DRAKE, C. TUYEN, LIEU, ARCHIE, AND OTHERS ALL DENIED PLAINTIFF OF HIS MANY REQUESTS.

16.) ON MAY 13TH 2021 THE PLAINTIFF STOPPED FLOOR OFFICER G. WOODEN AND TOLD THAT OFFICER THAT HIS CO-WORKER W. EMMERT HAD NOT ONLY DISRESPECTED HIM BY CALLING HIM A "RAT" WHICH SLANDERED THE PLAINTIFF; BUT HAD POTENTIALLY PUT HIM AT RISK OF VIOLENCE BECAUSE OF THE DEROGATORY TERM W. EMMERT USED TO DESCRIBE THE PLAINTIFF. PLAINTIFF VERBALLY LET DEFENDANT G. WOODEN KNOW HE DID NOT FEEL SAFE.

17.) ON MAY 13TH 2021 DEFENDANT W. EMMERT VERBALLY TOLD PLAINTIFF THAT BECAUSE THE PLAINTIFF HAD WROTE AN GRIEVANCE ABOUT OFFICERS NOT WEARING MASK, HE RATTED ON THEM SO HE WOULD CONTINUE TO DENY PLAINTIFF SHOWERS AND PHONE CALLS OCASIONALLY. FOR MANY DAYS PRIOR TO MAY 13TH 2021 AND AFTER W. EMMERT WOULD REFUSE TO OPEN PLAINTIFF'S CELL DOOR AND PLAINTIFF COULD OFTEN NOT SHOWER OR USE PHONE. W. EMMERT DENIED PLAINTIFF HIS SHOWER AND PHONE CALLS ON MULTIPLE OCASIONS

18.) DEFENDANTS G. WOODEN, W. EMMERT, AND D. GONZALES WERE ALL AWARE TOWER OFFICER W. EMMERT HAD CALLED PLAINTIFF A "RAT." PLAINTIFF INFORMED THE OFFICERS THAT HE DID NOT FEEL SAFE AND THAT W. EMMERT PUT HIM AT RISK OF HARM. SERGEANT D. GONZALES ATTEMPTED TO COVER UP W. EMMERT'S ACTIONS BY FABRICATING AN GRIEVANCE RESPONSE.

19.) UPON INFORMATION AND BELIEF OFFICERS COERCED AND MANIPULATED THE FIVE INMATES TO PHYSICALLY AND VIOLENTLY ATTACK THE PLAINTIFF ON JUNE 22nd 2021. DUE TO THE PLAINTIFF FILE-ING AN GRIEVANCE ON OFFICERS NOT WEARING MASK TO PROTECT INMATES FROM COVID-19. PLAINTIFF WAS TOLD THIS BY MANY INMATES WHILE HE WAS IN THE ADMINISTRATIVE SEGREGATION UNIT FOLLOWING THE ATTACK.

20.) UPON INFORMATION AND BELIEF A PERSON WHO IS LABELED AS A "RAT" IS A PERSON WHO HAS TESTIFIED AND PROVIDED

12.

AND PROVIDED ADVERSE INFORMATION AGAINST A PERSON WHICH LEADS TO A CONVICTION. A PERSON WHO IS CONSIDERED A "RAT" CAN ALSO BE A CONFIDENTIAL INFORMANT OR A PERSON WHO FAILS TO EXERCISE THEIR RIGHT TO REMAIN SILENT AND INSTEAD PROVIDE AN INFORMATIVE STATEMENT IN AN POLICE INVESTIGATION.

21.) UPON INFORMATION AND BELIEF A PRISONER WHO IS LABELED A "RAT" BY OFFICERS OR INMATES ARE IN CONSTANT DANGER. AN INMATE WHO HAS BEEN CALLED A "RAT" WILL OFTEN AUTOMATICALLY BE PLACED IN PROTECTIVE CUSTODY BY PRISON OFFICIALS. IT IS COMMONLY KNOWN THAT PEOPLE WHO ARE INFORMANTS OR TESTIFIED FOR THE DISTRICT ATTORNEY AS A WITNESS IS AT RISK OF SERIOUS INJURY OR DEATH DUE TO THE INFORMATION PROVIDED BY THE PERSON THAT LEAD TO A CRIMINAL CONVICTION.

22.) UPON INFORMATION AND BELIEF, BASED ON THE FACT THAT CORRECTIONAL OFFICERS HAVE ACCESS TO PRISONERS CRIMINAL RECORDS AND SUPPLEMENTAL DOCUMENTS, PRISONERS WILL BELIEVE AN OFFICER IF THEY STATED AN ~~[redacted]~~" PARTICULAR INMATE IS A "RAT"; WHICH CAN ALSO BE DESCRIBED AS A CONFIDENTIAL INFORMANT, WITNESS FOR DISTRICT ATTORNEY, MADE AN STATEMENT ON A PERSON, OR A PERSON WHO HAS COOPERATED WITH LAW ENFORCEMENT.

## INJURY / LEGAL CLAIMS

23.) PLAINTIFF REALLEGE AND INCORPORATE BY REFRENCE PARAGRAPHS 1-22.

24.) DEFENDANTS W. EMMERT, G. WOODEN, AND D. GONZALES WERE MADE AWARE BY PLAINTIFF THAT W. EMMERT CALLED MARK BROWN A "RAT" AND THAT HE DID NOT FELL SAFE. THE DEFENDANTS SHOULD HAVE KNOWN THERE WAS A SUBSTANTIAL RISK OF SERIOUS INJURY TO THE PLAINTIFF MARK BROWN DUE TO DEFENDANT W. EMMERT ACTION TO CALL THE PLAINTIFF A RAT ON LOUDSPEAKER WHICH OTHER INMATES HEARD. THE DEFENDANTS DELIBERATE INDIFFRENCE LEAD TO PLAINTIFF EVENTUALLY BEING ATTACKED BY FIVE INMATES; VIOLATING PLAINTIFF'S EIGHT AMENDMENT CONSTITUTIONAL RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. DEFENDANTS FAILED TO PROTECT THE PLAINTIFF MARK BROWN VIOLATING HIS EIGHTH AMENDMENT RIGHTS.

25.) DEFENDANTS T. DRAKE, C. TUYEN, LIEU, ARCHIE, AND OTHER UNKNOWN OFFICERS UTILIZED EXCESSIVE FORCE AND DELIBERATE INDIFFRENCE TO A SERIOUS MEDICAL NEED WHEN THEY REFUSE AND DENIED PLAINTIFF THE OPPORTUNITY TO DECONTAMINATE FROM THE O.C. BLAST GRENADE CHEMICAL AGENTS. FURTHERMORE DEFENDANTS DENIED PLAINTIFF HIS INHALER TO COMBAT THE CHEMICAL AGENTS WHICH HAD FILLED PLAINTIFF LUNGS MAKING IT DIFFICULT TO BREATHE. DEFENDANTS ACTIONS VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER U.S. CONSTITUTION.

26.) DEFENDANT W. EMMERT REFUSED PLAINTIFF PHONE CALLS AND SHOWERS ON MANY OCASIONS FOLLOWING THE PLAINTIFF'S GRIEVANCE AGAINST CORRECTIONAL OFFICERS FOR NOT WEARING COVID-19 PROTECTIVE MASK. DEFENDANT W. EMMERT ALSO CALLED PLAINTIFF A "RAT" ~~AND~~ BECAUSE HE FILED A GRIEVANCE. W. EMMERT'S RETALIATORY ACTIONS NOT ONLY CAUSED PLAINTIFF SERIOUS INJURY; IT DENIED HIM BASIC RIGHT TO SHOWER AND USE PHONE MANY OCASIONS. W. EMMERT'S RETALIATION FOR PLAINTIFF FILE-ING AN GRIEVANCE VIOLATED PLAINTIFF'S FIRST ~~[redacted]~~ AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

15.

## E. REQUEST FOR RELIEF

State the relief you are seeking: A JURY TRIAL ON ALL ISSUES TRIABLE. PLAINTIFF COST IN THIS SUIT. COMPENSATORY AND PUNITIVE DAMAGES TO THE EXTENT OF THE LAW. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  6/05/22
DATE

_[signature]_
SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

pg 16.

# E-File Request

DATE OF REQUEST: 06 / 05 / 22

NAME: MARK BROWN    CDCR#: AP-0910    HOUSING: 2 B1-28

Scanned at CDCR and E-Mailed on 6/9/22 by TL
(date)    (initials)
Number of pages scanned: 19

**Complete the following checklist prior to submitting your documents to the Library for e-filing.**

**My submission:**

✓ 1. Is an ☑ "Original Complaint" (marked on p.1 of the 1983). "The E-filing program applies only to initial case documents filed in federal civil cases brought at participating penal institutions in the Eastern District of California for cases only involving conditions of confinement, usually brought under 42 U.S.C. § 1983."

___ 2. Has a completed "CIVIL COVER SHEET", with *only* I. PLAINTIFF and II. DEFENDANT(S) sections completed. Library staff will fill in parts III. and IV.

✓ 3. Is no more than 25 pages. "B. Civil Complaint – 25 page limit." "Any document which exceeds the stated page limitation without court authorization will be rejected for filing by CDCR and the Court."

✓ 4. Includes (if applicable) a completed APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER but not the "Certificate". This form authorizes the Court to contact the CDCR and confirm your Trust balance directly. There is no need to send this form to the SAC Trust Office for a certified statement.

**Statement of request to file:**

I request CSP-SAC Library Staff to e-file the attached documents to Eastern District Court. My document is ___18___ (including the Cover Sheet and the In Forma Pauperis).
(Number of pages)

Printed Name: MARK A. BROWN    Signature X: *Mark Brown*

---

On ___ / ___ / ___, I scanned and submitted _____ (# pages) to Eastern District Court. "New Case Documents" will be mailed to you when received from Court, usually in 3-4 business days.

_____    X_____
Reviewing Staff Name (Print)              Staff Signature