1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARK ANTHONY BROWN,                        No.  2:22-cv-1001 CKD P

12                 Plaintiff,

13          v.                                    ORDER

14    W. EMMERT, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil action.  This proceeding was

18    referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

20    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

21    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

22    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

23    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

24    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

25    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

26    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

27    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

28    /////

                                                    1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    Having conducted the required screening, the court finds that plaintiff may proceed on the

7  following claims:

8    1.  A claim arising under the Eighth Amendment against defendant Emmert for exposure

9  to harmful conditions of confinement when Emmert referred to plaintiff as a "rat" over a loud-

10  speaker.

11    2.  Claims arising under the Eighth Amendment against defendants Wooden and Gonzales

12  for exposure to harmful conditions of confinement with respect to their not taking preventative

13  measures when defendant Emmert referred to plaintiff as a "rat" over a loud-speaker.

14    3.  A claim arising under the First Amendment against defendant Emmert for retaliating

15  against plaintiff for filing a prisoner grievance by calling plaintiff a "rat" over a loud-speaker and

16  by denying plaintiff phone calls and showers.

17    4.  Claims arising under the Eighth Amendment for failure to provide medical treatment

18  against defendants Drake, Tuyen, Archie and Lieu for their failure to provide plaintiff with his

19  inhaler and decontaminate plaintiff from exposure to pepper spray.

20    At this point, plaintiff has two options:  1) proceed on the claims identified above; or 2)

21  attempt to cure the deficiencies in plaintiff's complaint in an amended complaint.  In considering

22  whether to amend, the court advises plaintiff as follows:

23    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

24  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

25  362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights

26  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

27    In order for conditions of confinement to amount to a violation of the Eighth Amendment,

28  the conditions must amount to cruel and unusual punishment.  The occasional denial of a shower

2

1    or phone calls does not amount to cruel and unusual punishment.  Denial of a shower for an

2    extended period of time can violate a prisoner's right to personal hygiene.  Toussaint v.

3    McCarthy, 597 F. Supp.1388, 1411 (N.D. Cal. 1984).

4           Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

5    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6    complaint be complete in itself without reference to any prior pleading.  This is because, as a

7    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11           In accordance with the above, IT IS HEREBY ORDERED that:

12        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

13        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

14    shall be collected and paid in accordance with this court's order to the Director of the California

15    Department of Corrections and Rehabilitation filed concurrently herewith.

16        3.  Plaintiff is granted 21 days within which to complete and return the attached form

17    notifying the court whether he wants to proceed on the claims described in this order or whether

18    he wishes to file an amended complaint in an attempt to cure the deficiencies in his original

19    complaint.  If plaintiff does not return the form, this action will proceed on the claims described

20    above.

21    Dated:  August 16, 2022

22

23                   CAROLYN K. DELANEY
                   UNITED STATES MAGISTRATE JUDGE

24

25

26    1/hh
   brow1001.op

27

28

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY BROWN,

Plaintiff,

v.

W. EMMERT, et al.,

Defendants.

No.  2:22-cv-1001 CKD P

PLAINTIFF'S NOTICE OF

HOW TO PROCEED

Check one:

_____ Plaintiff wants to proceed immediately on the following claims:

1.  A claim arising under the Eighth Amendment against defendant Emmert for exposure to harmful conditions of confinement when Emmert referred to plaintiff as a "rat" over a loud-speaker.

2. Claims arising under the Eighth Amendment against defendants Wooden and Gonzales for exposure to harmful conditions of confinement with respect to their not taking preventative measures when defendant Emmert referred to plaintiff as a "rat" in front over a loud speaker.

3.  A claim arising under the First Amendment against defendant Emmert for retaliating against plaintiff for filing a prisoner grievance by calling plaintiff a "rat" over a loud-speaker and denying plaintiff phone calls and showers.

4. Claims arising under the Eighth Amendment for failure to provide medical treatment against defendants Drake, Tuyen, Archie and Lieu for their failure to provide plaintiff with his inhaler and decontaminate plaintiff from exposure to pepper spray.

_____ Plaintiff wants time to file an amended complaint.

DATED:

Plaintiff's Signature

4