UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>Plaintiff,<br><br>v.<br><br>W. EMMERT, et al.,<br><br>Defendants. | No. 2:22-cv-01001-DAD-CKD (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. No. 11) |

Plaintiff Mark Anthony Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 16, 2022, the assigned magistrate judge screened plaintiff's complaint filed in this action and found that plaintiff had stated several cognizable claims against defendants (listed below), but that plaintiff had failed to state any other cognizable claims. Specifically, the magistrate judge identified the following cognizable claims in plaintiff's complaint:

> 1. A claim arising under the Eighth Amendment against defendant Emmert for exposure to harmful conditions of confinement when Emmert referred to plaintiff as a "rat" over a loudspeaker.

/////

/////

1

    2. Claims arising under the Eighth Amendment against defendants Wooden and Gonzales for exposure to harmful conditions of confinement with respect to their not taking preventative measures when defendant Emmert referred to plaintiff as a "rat" over a loud-speaker.

    3. A claim arising under the First Amendment against defendant Emmert for retaliating against plaintiff for filing a prisoner grievance by calling plaintiff a "rat" over a loud-speaker and by denying plaintiff phone calls and showers.

    4. Claims arising under the Eighth Amendment for failure to provide medical treatment against defendants Drake, Tuyen, Archie and Lieu for their failure to provide plaintiff with his inhaler and decontaminate plaintiff from exposure to pepper spray.

(Doc. No. 6 at 2.) Plaintiff was granted leave to file an amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable in the screening order within twenty-one (21) days after service of the screening order. (*Id.* at 3.) On August 24, 2022, plaintiff notified the court that he was willing to proceed only on the claims identified by the magistrate judge in the screening order as cognizable. (Doc. No. 9.)

    Consequently, on August 30, 2022, the assigned magistrate judge issued findings and recommendations recommending that this action proceed on plaintiff's claims found to be cognizable in the screening order and that all other claims brought by plaintiff in his complaint be dismissed. (Doc. No. 11 at 4.) The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) To date, no objections have been filed, and the time in which to do so has now passed.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

    Accordingly,

1.     The findings and recommendations issued on August 30, 2022 (Doc. No. 11) are adopted in full;

/////

    2.      This action shall proceed on plaintiff's claims as follows:

           a.      A claim arising under the Eighth Amendment against defendant Emmert for exposure to harmful conditions of confinement when Emmert referred to plaintiff as a "rat" over a loudspeaker;

           b.      Claims arising under the Eighth Amendment against defendants Wooden and Gonzales for exposure to harmful conditions of confinement with respect to their not taking preventative measures when defendant Emmert referred to plaintiff as a "rat" over a loud-speaker;

           c.      A claim arising under the First Amendment against defendant Emmert for retaliating against plaintiff for filing a prisoner grievance by calling plaintiff a "rat" over a loud-speaker and by denying plaintiff phone calls and showers; and

           d.      Claims arising under the Eighth Amendment for failure to provide medical treatment against defendants Drake, Tuyen, Archie and Lieu for their failure to provide plaintiff with his inhaler and decontaminate plaintiff from exposure to pepper spray;

    3.      All other claims brought by plaintiff in this action are dismissed; and

    4.      This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **November 23, 2022**

                                                                  /s/ Dale A. Drozd
                                                         UNITED STATES DISTRICT JUDGE